# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT ANTHONY SMITH,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:08-cv-00335-RCJ-WGC

**ORDER**

    Before the court is petitioner's <u>ex parte</u> motion for status conference (filed under seal) (#62). Petitioner filed this motion under seal because it refers to confidential communications between petitioner and his counsel. Petitioner has brought to the court's attention that counsel very likely is operating under a conflict of interest. The court will deny the motion for a status conference, but petitioner will need to show cause why counsel's representation should not be terminated and replacement counsel appointed.

    Petitioner was convicted in state district court of second-degree murder with the use of a deadly weapon. Ex. 33 (#25). Petitioner appealed, and the Nevada Supreme Court dismissed the appeal on July 7, 2000. Ex. 66 (#25).

    On August 25, 1998, while his direct appeal was still pending, petitioner filed in state court a post-conviction petition for a writ of habeas corpus. Ex. 36 (#25). The state habeas corpus petition was still pending almost ten years later when petitioner sent his <u>pro se</u> federal habeas corpus petition (#13) to this court on June 16, 2008. The court appointed the Federal Public Defender to represent petitioner. Counsel filed a first amended petition (#20) in this court on April 20, 2009. Counsel

also took over representation of petitioner in the state habeas corpus proceedings and filed a supplemental habeas corpus petition in the state district court on May 5, 2009. Ex. 127 (#34). The supplemental state petition contained the same grounds that the first amended federal petition contains. Upon stipulation of the parties, on June 9, 2009, this court stayed this action until the state habeas corpus proceedings concluded. Order (#32). The state district court denied petitioner's state habeas corpus petition on November 20, 2009. Ex. 133 (#34). Petitioner appealed, and the Nevada Supreme Court affirmed the denial on December 10, 2010. Ex. 140 (#34). Upon petitioner's motion (#33), the court reinstated this action. Order (#37).

Respondents filed a motion to dismiss (#40) after reinstatement. The court determined that grounds 1, 2, and 3 of the first amended petition were not procedurally defaulted. The court also determined that grounds 4 and 5 of the first amended petition were procedurally defaulted.[1] The court also determined that petitioner's argument for cause to excuse the procedural default—that counsel on direct appeal provided ineffective assistance by not raising the claims on direct appeal—was unpersuasive. Order, at 4-8 (#46). The court also dismissed ground 7, which was a two-part claim of ineffective assistance of counsel. Ground 7(a) was a claim that appellate counsel provided ineffective assistance because appellate counsel did not raise the issues in grounds 4 and 5 on direct appeal. The court noted that its determination that petitioner had not shown cause to excuse the procedural default of grounds 4 and 5 necessarily determined that ground 7(a) was without merit. Id., at 8 (#46). Ground 7(b) was a claim that appellate counsel provided ineffective assistance because appellate counsel did not raise the issues in grounds 1, 2, and 3 on direct appeal. The court noted that this claim was superfluous because the court determined that counsel did raise the issues in grounds 1, 2, and 3 on direct appeal, and that the Nevada Supreme Court had decided the issues on their merits. Id., at 8-9 (#46).

After the court had ruled on the motion to dismiss, and while briefing on the merits of the first amended petition was concluding, the Supreme Court held, "Where, under state law, claims of

---

[1] Ground 4 was a claim that the admission of prior-bad-act evidence was a deprivation of due process. Ground 5 was a claim that petitioner was convicted on the basis of evidence that was seized in violation of the Fourth Amendment.

-2-

ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). The Court of Appeals of the Ninth Circuit has extended the rule of Martinez to apply to procedurally defaulted claims of ineffective assistance of direct-appeal counsel. Nguyen v. Curry, 736 F.3d 128 (9th Cir. 2013). Nevada requires claims of ineffective assistance of counsel to be raised in a post-conviction habeas corpus petition, with some exceptions that are not applicable to this case. Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981).

Counsel's representation of petitioner in his state habeas corpus proceedings, which were what Martinez calls an initial-review collateral proceeding, has created a problem. The problem is not that claims of ineffective assistance of counsel are procedurally defaulted, because the state courts have not applied state-law procedural bars to any raised claims of ineffective assistance of counsel. The problem are the potential grounds of ineffective assistance of counsel that were not raised in the state habeas corpus proceedings. The court does not know if such claims exist. The Court of Appeals for the Fourth Circuit has encountered the same problem. It noted, "'a clear conflict of interest exists in requiring [petitioner's] counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented [petitioner] in his state post-conviction proceedings.'" Juniper v. Davis, 737 F.3d 288, 289-90 (4th Cir. 2013) (quoting Gray v. Pearson, 526 Fed. Appx. 331, 334 (4th Cir. 2013)). That court went on to hold:

> To be clear, if a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, and the petitioner requests independent counsel in order to investigate and pursue claims under Martinez in a state where the petitioner may only raise ineffective assistance claims in an "initial-review collateral proceeding," qualified and independent counsel is ethically required. A district court must grant the motion for appointment of counsel without regard to whether the underlying motion identifies a 'substantial' ineffective assistance claim under Martinez.

Juniper, 737 F.3d at 290 (emphasis in original). One distinction between Juniper and this case is that in this case petitioner has not moved for appointment of new counsel, but has moved for an ex

1 parte status conference to discuss the matter. However, the court sees no substantial difference.
2 Once a matter of a conflict of interest is brought to the court's attention, the court cannot ignore it.
3       The court also must consider the procedural posture of this case. The petition is fully briefed
4 and ready for a decision on the merits. If, ultimately, petitioner is denied relief, and if petitioner
5 then learned about other claims of ineffective assistance of trial or appellate counsel that his federal
6 and state habeas corpus counsel did not raise in state court, he would face three procedural
7 difficulties. First, he would face state-law procedural bars because the another state petition would
8 likely be untimely and successive. See Nev. Rev. Stat. §§ 34.726, 34.810. Martinez can excuse that
9 procedural default. Second, he would face the federal statute of limitations. See 28 U.S.C.
10 § 2244(d). Third, he would face the federal bar on successive petitions. See 28 U.S.C. § 2244(b).
11 Martinez is inapplicable to those federal procedural bars. If the court did not allow now for the
12 possibility of independent counsel to review possible claims of ineffective assistance of trial or
13 appellate counsel, then the court might be forever denying petitioner the ability to raise those
14 possible claims.
15       Based upon the record before the court and the decisions of the Court of Appeals for the
16 Fourth Circuit, it would appear that the court should appoint replacement counsel to review
17 petitioner's state habeas corpus proceedings for any potential claims of ineffective assistance of
18 counsel that were not raised in those proceedings. Before taking such action, the court will give the
19 parties the opportunity to file briefs on the matter.
20       IT IS THEREFORE ORDERED that petitioners' ex parte motion for status conference (filed
21 under seal) (#62) is **DENIED**.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT IS FURTHER ORDERED that petitioner shall have twenty-eight (28) days from the date
2  of entry of this order to show cause why current counsel's representation of petitioner should not be
3  terminated and replacement counsel appointed.  Respondents shall have fourteen (14) days from the
4  date of service of the showing of cause to file a response.  Petitioner shall have seven (7) days from
5  the date of service of the response to file a reply.
6  Dated:   May 27, 2014.

ROBERT C. JONES
United States District Judge