**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT ANTHONY SMITH,

    Petitioner,                               3:08-cv-00335-RCJ-WGC

vs.

                                             **ORDER**

RENEE BAKER, *et al.*,

    Respondents.

_____/

In this habeas corpus action, the petitioner, Robert Anthony Smith, has filed a *pro se* document (ECF No. 71) entitled "*Ex Parte* Motion," in which he expresses concern about his attorney's communication with him and with what he perceives to be delay in her filing of a second amended petition, and in which he asks that his former counsel be re-appointed to his case. The court will deny Smith's *pro se* motion.

Smith initiated this action in 2008. The federal public defender (FPD) was appointed to represent Smith, and the FPD filed a first amended petition on his behalf on April 20, 2009. The case was then stayed from June 9, 2009, to March 18, 2011, upon a stipulation of the parties, pending completion of state-court litigation. After the state-court litigation was completed and the stay of this case lifted, the respondents filed a motion to dismiss, and that motion was resolved, with the dismissal of three claims from the first amended petition, on November 4, 2011. On February 3, 2012, respondents filed an answer, and on May 17, 2012, Smith filed a reply.

However, Smith's counsel, the FPD, then notified the court that they had identified a conflict of interest with respect to their representation of Smith. The FPD filed a motion to withdraw, and the court granted that motion on August 26, 2014, discharging the FPD from their representation of Smith.

On September 9, 2014, the court appointed Mary Lou Wilson as counsel for Smith. In the order appointing Wilson (ECF No. 66), the court granted Smith 60 days to file a second amended habeas petition. Subsequently, the court twice granted motions for extension of the deadline for the second amended petition (ECF Nos. 68, 70), extending the due date to June 12, 2015.

This is a relatively complex habeas corpus action, with a long procedural history. It is not surprising that Smith's new counsel would need substantial time to become familiar with the case, and formulate and draft a second amended petition. There is no indication that Wilson has neglected Smith's case in any manner. The court will not reconsider the discharge of the FPD or the appointment of Wilson. *See* Order entered May 27, 2014 (ECF No. 63); Order entered August 26, 2014 (ECF No. 65).

However, given the amount of time that counsel has now had, since her September 9, 2014, appointment, the court will not look favorably upon any motion seeking a further extension of the June 12, 2015, deadline.

**IT IS THEREFORE ORDERED** that petitioner's "*Ex Parte* Motion" (ECF No. 71) is **DENIED**.

Dated this 11th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE